

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0760-24

---

### RAY LEE COCKRELL Appellant

### v.

### THE STATE OF TEXAS, Appellee

---

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SIXTH COURT OF APPEALS
## BOWIE COUNTY

**McClure, J., filed a concurring opinion in which Keel, J., joined.**

## **O P I N I O N**

I agree with the majority's faithful application of the statutes' plain language as enacted by the Legislature. It is accurate that no provision expressly prohibits importing a mandatory statutory duty from the Health and Safety Code into the Penal Code.

I write separately to underscore a broader concern – one that Justice Gorsuch has addressed – regarding the need for legislative clarity to ensure that criminal liability does not arise unexpectedly or unfairly. *See generally* Neil M. Gorsuch, *Over Ruled: The Human Toll of Too Much Law* (2024).

The court below rightly noted the troubling consequences that can arise from importing duties into the criminal code without clear notice that a particular action or inaction could lead to prosecution. Given the hundreds of offenses in the Texas Penal Code and the thousands of duties embedded throughout other statutory codes, the potential combinations are nearly infinite. While ignorance of the law is no defense, the sheer volume and complexity of modern statutory schemes risk creating a minefield for the unwary, the unpopular, the unfortunate, or the politically disfavored. As has been cynically observed: "Show me the man and I'll show you the crime," or "This was terrible, we must do something! This is something; therefore, we must do it."

Although the Rule of Lenity, which directs courts to construe ambiguous criminal statutes in favor of the accused, is not directly at issue here, the sentiment underpinning the rule remains instructive. Criminal laws should be written with precision, so both the courts and the public clearly understand what conduct is criminalized. Otherwise, as James Madison warned in Federalist 62:

> "It will be of little avail to the people that the laws are made by men of their own choice, if the laws be so voluminous that they cannot be read, or so incoherent that they cannot be understood; if they be repealed or revised before they are promulged, or undergo such incessant changes that no man who knows what the law is to day can guess what it will be to morrow [sic].

Law is defined to be a rule of action; but how can that be a rule, which is little known and less fixed?"

I hope this case serves not only as an affirmation that plain and unambiguous statutory language will be honored by this Court, but also as a prompt to the Legislature to state clearly and specifically the conduct it intends to punish. With these thoughts in mind, I join in the Court's judgment.

Delivered: August 20, 2025

Publish